### Downs *v.* Central Vt. R. Co.

*(Supreme Court, General Term, Third Department.* May 21, 1891.)

RAILROAD COMPANIES—KILLING STOCK—ALLEGING NEGLIGENCE.

    A complaint in an action against a railroad company for killing plaintiff's horse sufficiently charges negligence on the part of defendant where it alleges that by reason of defendant's neglect to repair a certain fence on the side of the road which it was bound to repair, and by reason of its neglect to build or repair a certain culvert or cattle-guard which it was bound to build and repair, plaintiff's horse, without plaintiff's fault, came on the track, and, by reason of defendant's negligence in running its cars, was killed.

Appeal from special term, Clinton county.

Action by Ira Downs against the Central Vermont Railroad Company. A demurrer to the complaint was overruled, and defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Louis Hasbrouck,* for appellant. *Shedden & Booth,* for respondent.

LEARNED, P. J. This is an appeal by defendant from an order overruling a demurrer. The action is to recover for the killing of a horse of plaintiff.

It avers that defendant is a corporation, and operated a railroad; that by rea-son of its neglect to repair a certain fence on the side of the railroad at a point described, which it was bound to repair, and by reason of its neglect to build or repair a certain culvert and cattle-guard also described, which it was bound to build and repair, the plaintiff's horse, without plaintiff's fault, came on the track, and by reason of defendant's negligence in running its cars was killed. The defendant claims that the complaint does not allege facts, and does not allege that defendant has done or omitted anything which caused the injury. Undoubtedly the defendant is entitled to have the plaintiff al-lege the facts which constitute negligence, and thus to show defendant's al-leged connection with the injury caused to plaintiff. This we have discussed at some length and denied at this term in *Toomey* v. *City of Albany, ante,* 572. But in this case the plaintiff has alleged these facts, viz., the neglect to repair the fence, and the neglect to build and repair the culvert and cattle-guard. It may be that defendant claims that the mode of allegation is not positive,—that is, that the plaintiff does not allege that defendant did not do these acts; but alleges only that by defendant's neglect in not doing them the injury was caused. We do not think that criticism is sound. The object of pleading is to inform the opposing party of the matter on which the pleader relies; and undoubtedly the defendant is informed of the ground of action in this case. Whether the allegation of negligence in running the cars is suf-ficient to permit plaintiff to show any other negligence than that of neglect-ing to repair the fence and the culvert and cattle-ground we need not say. It is enough that we think a cause of action is set forth in the complaint.

Judgment interlocutory affirmed, with costs. All concur.